MARY E. POULTON ET AL., PLAINTIFF, v. WILLIAM H. MERZ AND EDWARD HYERS, DEFENDANTS.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE, DALY and DONGES.

For the defendant William H. Merz, *Norman W. Harker*.

For the defendant Edward Hyers, *James Mercer Davis*.

For the plaintiff, *Ira F. Smith*.

PER CURIAM.

Defendant Merz, who was sued with one Hyers, has this rule to show cause to review a judgment in favor of the plaintiff Mary E. Poulton in the sum of $2,000.

Plaintiff was a passenger in a bus of the defendant Merz which was proceeding southerly on state highway near Oyster creek, Ocean county, when it collided with a northbound automobile driven by the defendant Hyers.

1 and 2. The first grounds argued are that the court erred in refusing to nonsuit or direct a verdict for Merz. The defendant asserts that the pleadings were not sufficiently broad to cover the negligence as submitted to the jury. But this is not so. The allegations of negligence were that both defendants failed and neglected to have the vehicles under proper control; that they undertook to pass while operating

at a high and excessive rate of speed; and that they failed to have due and proper regard for persons using the highway and especially passengers in the bus. There was evidence of negligence for the jury to pass upon. The case was submitted to the jury by the trial judge for its determination as to whether or not the negligence of the operator of the bus was the cause of the collision and consequent damage. The motions to nonsuit and to direct a verdict for the defendant were properly denied.

3. The third point raised by the defendant is that the trial court erred in its refusal to admit in evidence a statement and a card both signed by the plaintiff Mary E. Poulton, having to do with the collision complained of. The trial judge declined to admit them in evidence apparently upon the ground that, while the proffered evidence might be admissible against the defendant Merz, it was not admissible against the other defendant, Hyers. The female plaintiff admitted signing both the card and the statement. If the paper was admissible on behalf of the defendant Merz, it should have been admitted with proper instruction to the jury to disregard it as being evidential against the other defendant. Both of these proffered papers contained statements as to how the accident happened and as to the conduct of the driver of the defendant Merz' bus which tended to contradict the claim of the plaintiff that such driver was negligent. It is true that parts of the papers were put in evidence, but in our view the jury was entitled to have the papers themselves and it was error for the court to decline to admit them in evidence.

The rule to show cause will be made absolute.